## SUCCESSION OF MARY McGINNIS.

A creditor of a deceased person, who purchases property of the succession of the deceased, cannot compensate his claim against the price which he has agreed to give for the property.

A creditor who gets possession of the price for which the property of a succession is sold, has no greater right than a creditor who purchases the property of a succession.

All kinds of fruits, natural, cultivated or civil, produced during the existence of the usufruct, by the things subject to it, with the exception of the children of slaves, belong to the usufructuary.

APPEAL from the Second District Court of New Orleans, *Whitaker, J. Huntington,* for plaintiff. *A. Shaw,* for defendant and appellant.

HYMAN, C. J.   Matthew Behan and Mary McGinnis were married, and during their marriage they acquired, as community property, a lot of ground in the City of New Orleans.

In 1850, Matthew Behan died intestate, leaving neither ascendants nor descendants. In 1861, Mary McGinnis died. In 1863, the lot was sold, by order of Court, for the price of $1,400. This money passed into the possession of the administratrix of the succession of the said deceased Mary McGinnis, who filed a tableau, and petition that it might be homologated, and that she be authorized to distribute this money among the creditors of the succession of Mary McGinnis, as they were classified in the tableau.

The administrator of the succession of Matthew Behan, opposed to the tableau, and claimed that the half of the proceeds of the sale of the lot belonged to the estate of Behan.

The District Judge rendered judgment, and decreed that the tableau be amended, rejecting some of the items thereof, reducing others, and also decreeing that $1,000 be deducted out of the proceeds of the sale of the lot, as an amount due to the estate of Mary McGinnis, and that the remainder of the proceeds, say $400, be equally divided between the two estates.

The administrator of the succession of Behan has appealed from this judgment.

In this Court it is admitted by the attorney of the administratrix of the succession of Mary McGinnis, that the administrator of Behan's estate is entitled to claim from her a half of the proceeds of the sale of the lot; but he contends that she, as the administratrix of the estate of Mary McGinnis has a right to compensate against this half the sum of $500, as the said Mary McGinnis had acquired, since the death of Behan, a claim of $1,000, owing by the community which had existed between Matthew Behan and Mary McGinnis, during their marriage.

A creditor of a deceased person, who purchases property of the succession of the deceased, cannot compensate his claim against the price which he has agreed to give for the property. 2 A. 412; 3 A. 150.

A creditor who gets possession of the price for which the property of a

succession is sold, has no greater right than a creditor who purchases the property of a succession.

If creditors of an estate were permitted to compensate in this manner, the intention of the law to distribute the effects of the deceased among persons having just claims on his succession, might be entirely defeated. 7 N. S. 239; C. C. 1056.

The pretence that the estate of Behan had a claim against Mary McGinnis, because she had enjoyed the fruits and revenues of the community property, has no foundation in law; for she was entitled to the usufruct of the community during her life, and as usufructuary she had a right to the fruits and revenues. See Act relative to community property, approved March 25th, 1844; C. C. Article 536.

Equally unsupported by law is the claim set up by the administratrix of the estate of Mary McGinnis, against the succession of Behan, for the constructing, by Mary McGinnis, of a kitchen and hydrant on the lot. Such buildings must be abandoned by the usufructuary at the end of her usufruct, to the owner. They are not extraordinary repairs. See Civil Code, Articles 563, 565, 566.

The estate of Behan, not being a creditor of Mary McGinnis, nor of her estate, its administrator has no right to ask that the tableau filed by the administratrix of the estate of Mary McGinnis be amended so as to affect the order in which the creditors are to be paid out of the assets belonging to the estate of Mary McGinnis. He can only claim that the money of Behan's estate be not used to pay the creditors of Mary McGinnis or of her estate, and that it be paid to him.

It is ordered, adjudged and decreed, that the judgment of the District Court be reversed. It is futher decreed, that the one-half of the nett proceeds of the lot of ground sold for ($1,400) one thousand four hundred dollars, be declared to belong to the succession of Matthew Behan, and that the same be delivered to Daniel Behan, administrator thereof, by Elizabeth Cummings, administratrix of the estate of Mary McGinnis, and that the costs of opposition be paid by the estate of Mary McGinnis, reserving to this estate whatever rights it may have against Behan's estate.

It is further decreed, that the tableau filed by the administratrix of the estate of Mary McGinnis, be homologated, and that she distribute the assets in her possession belonging to the estate of Mary McGinnis, among the creditors thereof as they are classified on the tableau.